**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL W. MCMAHON,

               Plaintiff,

-vs-                                          Case No.  2:11-cv-374-FtM-36SPC

KEVIN RAMBOSK, in the official capacity,
DAVID JOLICOEUR, SALLY LEE HURTADO,
STEVEN YOUNG, ROBERT CAPIZZI,
KENNETH MARTINDALE, NANCY
FIGUEROA, JULIE GREEN,

               Defendants.

_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Denial of Motion About Disability and Amended Complaint (Doc. #16) filed on August 15, 2011.  Plaintiff *pro se* moves the Court to reconsider its Report and Recommendation (Doc. #14), which recommended that Plaintiff's motion to proceed IFP be denied without prejudice and the case be stayed pending the resolution of Plaintiff's appeal of another one of his cases: McMahon v. Cleveland Clinic Foundation Police Department, et al., Case No. 2:06-cv-179-CEH-SPC.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem,

Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

In this case, the Court finds that reconsideration is unwarranted. The Court stands by the findings made in its Report and Recommendation unless otherwise directed by the District Court.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Reconsideration of Denial of Motion About Disability and Amended Complaint (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record