**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL W. MCMAHON,

  Plaintiff,

-vs-               Case No.:  2:11-cv-374-FtM-36SPC

KEVIN RAMBOSK, in his official capacity,
DAVID JOLICOEUR, SALLY LEE HURTADO,
STEVE YOUNG, ROBERT CAPIZZI,
KENNETH MARTINDALE, NANCY
FIGUEROA, JULIE GREEN,

  Defendants.
_____

**ORDER**

  This matter comes before the Court on Plaintiff, Daniel W. McMahon's, Motion for Reconsideration (Doc. # 30) filed on March 8, 2012, of an Order Denying Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. # 27). The Court previously determined that Plaintiff's Amended Complaint (Doc. # 11) was a "shotgun complaint" and ordered Plaintiff to file a Second Amended Complaint that complies with the Federal Rules. (Doc. # 27). Plaintiff has filed a Second Amended Complaint with the Court. (Doc. # 31). Plaintiff now moves the Court to reconsider its Order Denying Plaintiff IFP Status and allow the Second Amended Complaint to move forward. (Doc. # 30).

  Under 28 U.S.C. § 1915(a), a District Court is allowed to authorize the commencement of a civil action without prepayment of fees and costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he is unable to pay such costs or give such security. Levy vs. Federated Department Stores, 607 F.Supp. 32 (S.D. Fla. 1984). In accordance with 28 U.S.C. §1915, the Court must first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim.

Upon reviewing the Plaintiff's Affidavit of Indigency (Doc. #10), the Court concluded that there is sufficient information regarding his financial status to find that the Plaintiff cannot pay costs without undue hardship. (Doc. # 27). Therefore, the Court held that Plaintiff's affidavit was sufficient to demonstrate economic justification for *in forma pauperis* status. Plaintiff contends that his Second Amended Complaint cures the deficiencies that his Amended Complaint contained because the Second Amended Complaint tells the defendants what allegations Plaintiff is raising, what the reasoning is for such allegations, and points to the paragraphs supporting each allegation or defense. (Doc. # 30).

Federal Rule of Civil Procedure 8(a) provides that a pleading which sets forth a claim of relief shall contain a "short and plain statement" in which the pleader is entitled to relief. The Court finds that the Plaintiff's Second Amended Complaint (Doc. #31) does not meet the minimal pleading requirement under Fed. R. Civ. P. 8. The Court has reviewed the Plaintiff's Second Amended Complaint (Doc. # 31) and concludes that the Plaintiff's Second Amended Complaint suffers from the same deficiencies as the Amended Complaint and is also an impermissible shotgun pleading. *See* Beckwith v. Bellsouth Telecommunications Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity").

Plaintiff's Second Amended Complaint (Doc. # 31) is very similar to his Amended Complaint (Doc. # 11) that this Court held to be a shotgun pleading. Plaintiff's Second Amended Complaint is sixty (60) pages long and includes thirty-three (33) counts against various officers of the Collier County Sheriff's Office (CCSO). Even though Plaintiff has eliminated 8 counts, the Second Amended Complaint contains essentially the same Claims, ranging from interference under the ADA, infliction of emotional distress under Florida Common Law and Massachusetts Common Law and General Law of the Commonwealth, violations of the Fourth and Fourteenth Amendments

of the Constitution, illegal search and seizures, false arrest, and malicious prosecution and the violations of numerous federal statutes.

It appears that the Plaintiff has reorganized his factual background into sections, yet such reorganization, without more, does not cure the deficiencies that existed in Plaintiff's Amended Complaint. Many of the Counts within Plaintiff's Amended Complaint are exactly the same as the Counts within Plaintiff's Second Amended Complaint. Additionally, the Plaintiff incorporates most of the factual background information into each Court citing that he incorporates paragraphs 1-8, 84-150, and 275 in most counts and other times incorporates paragraphs 1-61, which are very general factual allegation paragraphs that still make it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief and as such is a typical shotgun pleading.

As the Court noted previously (Doc. # 27), in the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Id. "[T]he Eleventh Circuit has frequently noted with great concern the aggregate negative effects of shotgun pleadings on trial courts and emphasized that courts must not tolerate such pleadings." Streeter v. City of Pensacola, 2007 WL 809786, at * 2 (N.D. Fla. Mar. 15, 2007) (internal quotations omitted). While the challenge facing trial courts in deciphering shotgun pleadings is great when the plaintiff at least attempts to define particular causes of action, it is even more taxing where the Court is confronted with a "rambling pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is [the Plaintiff is] claiming." Cramer, 117 F.3d at 1261. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and require the plaintiff to

3

replead the claims to the extent possible under Rule 11, Federal Rules of Civil Procedure. *See* Id. at

1263 (admonishing district court for not striking shotgun complaint on its own initiative).

Here, Plaintiff has already been given the opportunity to file a Second Amended Complaint

that conforms to the requirements of the Federal Rules of Civil Procedure. Due to the Plaintiff's

failure to cure the deficiencies, the Court must affirm its denial of Plaintiff's Motion to proceed *in*

*forma pauperis* due to Plaintiff's Second Amended Complaint's failure to comply with the Federal

Rules of Civil Procedure. The Court will allow Plaintiff another opportunity to file an Amended

Complaint that conforms to the Federal Rules of Civil Procedure, but failure to comply may lead to

dismissal.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Motion for Reconsideration of Order Denying *In Forma Pauperis* Status

(Doc. #30) is **DENIED.**

(2)     The Plaintiff has up to and including **May 10, 2012** to file a new Amended

Complaint that complies with the Federal and Local Rules.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

4