UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DANIEL W. MCMAHON,**

    **Plaintiff,**

**V.**                                                               **Case No:  2:11-CV-374-FtM-UASPC**

**KEVIN RAMBOSK, DAVID
JOLICOEUR, ROBERT CAPIZZI,
KENNETH MARTINDALE, NANCY
FIGUEROA and JULIE GREEN**

    **Defendants.**

_____/

**ORDER**

This matter comes before the Court on The Plaintiff Daniel W. McMahon's Motion to Reconsider Denial of IFP Status (Doc. #33) filed on May 10, 2012.  On April 12, 2012, this Court denied the Plaintiff's Motion for IFP because his Amended Complaint was a shot gun pleading.  The Plaintiff now moves the Court to reconsider that ruling.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."

Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

  The Plaintiff does not present any new law or facts that would make the Court reconsider and change its previous Order denying the IFP. Instead he merely states that he filed his Third Amended Complaint and that it was easy for each party to see what was claimed against them.

  In the Court's previous Orders denying the Plaintiff's request for IFP, the Court noted that the Plaintiff incorporated multiple paragraphs into each count against the Defendants. While the Plaintiff has better organized his Third Amended Complaint he still incorporates multiple

paragraphs containing, in many cases, unrelated claims against the Defendants. This makes it difficult or impossible for the Defendants to answer the Plaintiff's charges.

As the Court has explained to the Plaintiff on previous occasions in this case and other cases he has filed with this Court, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 128 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

The Plaintiff continues to fail to comply with this Rule. As such, the Motion for reconsideration is due to be denied.

Accordingly, it is now **ORDERED:**

The Plaintiff Daniel W. McMahon's Motion to Reconsider Denial of IFP Status (Doc. #33) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th Day of May, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record