## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DANIEL W. MCMAHON,

      Plaintiff,

v.                                 Case No:  2:11-cv-374-FtM-38UAM

KEVIN RAMBOSK, DAVID
JOLICOEUR, ROBERT CAPIZZI,
KENNETH MARTINDALE, NANCY
FIGUEROA and JULIE GREEN,

      Defendants.

_____/

## <u>ORDER</u>

This matter comes before the Court on the Plaintiff, Daniel McMahon's Motion to Reconsider Order (Doc. #43) filed on December 18, 2012. The Honorable James D. Whittemore dismissed this action on November 16, 2012 pursuant to Fed. R. Civ. P. 4(m). (Doc. #42).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. <u>Carter v. Premier Restaurant Management</u>, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing <u>American Ass'n of People with Disabilities v. Hood</u>, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Susman v. Salem, Saxon & Meilson, P.A.</u>, 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new

issues, not merely readdress issues litigated previously." <u>Paine Webber Income Props.</u> <u>Three Ltd. Partnership v. Mobil Oil Corp</u>., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. <u>Carter</u>, 2006 WL 2620302 at *1 (citing <u>Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority</u>, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).   A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined.   <u>Carter</u>, 2006 WL 2620302 at * 1.   The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Id.</u> (citing <u>Quaker Alloy Casting Co. v. Gulfco Industries, Inc</u>., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).   "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." <u>Mannings v. School Bd. Of Hillsboro County, Fla.</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993).   "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." <u>Carter</u>, 2006 WL 2620302 at *1.

The Plaintiff moves the Court to reconsider the Order dismissing the action under Fed. R. Civ. P. 4(m). Rule 4(m) provides that an action may be dismissed after notice to the plaintiff for failure to effect proper service within 120 days of filing the action, absent a showing of good cause. Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991).

The Plaintiff states that reconsideration is proper because he has suffered neurological and psychological injuries as a result of the incident on which the action

was based. According to the Plaintiff, these injuries affected his ability to correspond with the Court in a timely manner. The Plaintiff alleges that he was "too stressed" to open letters from the Court. The Plaintiff asserts that each time he received a letter from the Court it would take him extended period of times, sometimes weeks, to open the letter. The Plaintiff claims this delay prevented the Plaintiff from serving a summons and complaint on each Defendant in a timely manner as required by Rule 4(m).

The Court held that dismissal of this case was appropriate because the Plaintiff was provided ample time to effect process on the Defendants. The Court found that the Plaintiff did not provided the Court with any information indicating that an outside factor impacted his ability to effect service of process on the Defendants or that the Defendants evaded or attempted to defeat service. The Court also found that no other good cause existed which would warrant an extension of time for service. Moreover, the Third Amended Complaint filed by the Plaintiff did not comply with Rule 8 even though the Plaintiff was provided four opportunities to plead his claim properly.

Plaintiff has failed to demonstrate that there has been an intervening change in the controlling law, any new evidence, or the need to correct clear error or prevent manifest injustice. The Plaintiff's own negligence in failing to open correspondence from the Court and comply with it in a timely manner is not an adequate basis for reconsideration. The Plaintiff has failed to provide the Court with a basis for reconsideration. Therefore, the Court finds that no good cause exists to warrant reconsideration of the dismissal of his case.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Daniel McMahon's Motion to Reconsider Order (Doc. #43) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record